James S. PORTER, et al., Plaintiffs,

v.

DEALERS ASSOCIATION PLAN, et al., Defendants.

No. C–1–87–0202.

United States District Court, S.D. Ohio, W.D.

June 24, 1988.

658

Harold Jarnicki, Lebanon, Ohio for plaintiffs.

Paul D. Rice, Cincinnati, Ohio, for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter came on for consideration of defendants' Dealer Association Plan, D.A.P. and Dealers Association Plan, Orlando, Florida motion to dismiss the complaint or for summary judgment (doc. 13), which is opposed by the plaintiffs (doc. 14). This action originated in the Common Pleas Court of Warren County, Ohio as an action for a breach of employment contract by plaintiff James S. Porter who allegedly was hired as an agent to sell group major medical insurance policies to members of the Miami Valley Auto Dealers Association. Plaintiff seeks in Count I recovery of medical expenses incurred by him when he became seriously ill but which were not paid under the major medical and hospitalization plan which was to supposed to have been provided plaintiff in his arrangement with the defendant. In Count II plaintiff and his wife, Barbara Porter, seek recovery for serious emotional distress including psychological injuries and mental anguish proximately caused allegedly by defendants' actions. And in Count III plaintiff Barbara Porter seeks recovery for loss of consortium. The action was removed to Federal Court by the defendant. We have carefully reviewed defendants' motion to dismiss and/or for summary judgment as well as plaintiffs' response and the exhibits and affidavits offered in support of and opposing the motion and conclude that there are genuine issues of material fact that must be decided in this case. Therefore, defendants' motion to dismiss and/or summary judgment must be denied.

For instance, there is a dispute as to the terms of the employment agreement Porter allegedly entered into regarding the identity of the contracting parties, whether Porter was a fulltime or parttime employee permitted to continue his previous work, compensation and benefits to which the Porter was entitled and how they were to be supplied. Other issues are whether plaintiffs' complaint is covered exclusively by ERISA, whether Porter is entitled to recover the benefits he allegedly claims were denied him from the other contracting party or must look only to the Miami Valley Automobile Dealers Association's Plan. Other material issues concern whether plaintiff was terminated from his employment and whether or not there was coverage for the medical problems encountered by plaintiff; whether plaintiffs followed the proper administrative procedures in pursuing their claims; and finally whether plaintiffs will be entitled to damages for mental anguish, emotional distress, punitive damages and attorney's fees based on the agreements or promises that were made at the relevant times.

In considering a motion for summary judgment, the narrow question we must decide is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). And,

"while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.,* quoting Rule 56(c), Fed.R.Civ.P. Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* We are further guided by the Supreme Court's recent elaboration of this standard in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) as follows:

> ... the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial ...

477 U.S. at 322, 106 S.Ct at 2553.

As can be seen from the foregoing analysis, there are a number of issues to be decided, which, if decided favorably to plaintiffs, would entitle them to relief. Thus, defendants' motion to dismiss must be rejected.

The Sixth Circuit, in *Westlake v. Lucas,* 537 F.2d 857 (6th Cir.1976), has stated the standard for review of a motion under Rule 12(b)(6): (1) All allegations in the complaint are taken as true; the complaint is to be construed liberally in favor of the party opposing the motion; (2) The complaint need not set down in detail all particularities of plaintiff's claim; (3) Rule 8(a)(2) simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief;" (4) The complaint need only afford the defendant fair notice of what plaintiff's claim is and the grounds upon which it rests; (5) A motion to dismiss under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 858, quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Accordingly, defendants' motion to dismiss and/or for summary judgment in whole or in part is hereby denied.

SO ORDERED.